UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID CARMINE LETTIERI,

                Plaintiff,

       v.

NAT[A]LIE B. HARRINGTON,

                Defendant.

**MEMORANDUM & ORDER**
24-CV-4644 (HG) (MMH)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff David C. Lettieri filed this *pro se* complaint on June 1, 2024, under 42 U.S.C. § 1983, against Nat[a]lie Harrington, a federal agent in Niagara, New York, along with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 1 (Complaint); ECF No. 2 (Motion to Proceed *in forma pauperis*).

Plaintiff is currently detained at the Northeast Ohio Correctional Center, located at 2240 Hubbard Road in Youngstown, Ohio.  ECF No. 1 at 3.  Plaintiff was previously detained at Niagara County Jail, located in the Western District of New York, following his conviction in that district for enticement of a minor in violation of 18 U.S.C. § 2422(b).  *See United States v. Lettieri*, No. 21-cr-20, 2023 WL 6531514, at *1 (W.D.N.Y. Oct. 6, 2023).  In the instant action, Plaintiff appears to assert that Defendant violated his due process rights when she refused to provide him with a 2009 Suffolk County police report.  ECF No. 1 at 2.

Based on the Court's review of publicly available dockets in the Western District, Plaintiff has filed more than 60 civil cases, many of which he has purportedly brought on an *in forma pauperis* basis, seeking permission to commence those cases without prepaying the district's filing fee.  In response to this barrage of frivolous filings, the Western District barred Plaintiff from filing any new *pro se* motions, papers, or documents of any kind except notices of

appeal or papers the Court instructs him to file in all pending and closed cases in the district for one year. *See In re David C. Lettieri*, No. 23-mc-32 (W.D.N.Y. Jan. 19, 2024) (ECF No. 18); *In re David C. Lettieri*, No. 23-mc-32 (W.D.N.Y. Apr. 5, 2024) (ECF No. 26).

The Prison Litigation Reform Act, the statute that authorizes plaintiffs to receive *in forma pauperis* status also contains a prohibition, commonly known as the "three strikes rule," that provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When a plaintiff seeks *in forma pauperis* status but is ineligible to receive such status under 28 U.S.C. § 1915(g), the proper course of action is for the court to dismiss his complaint pursuant to that provision. *See, e.g., Griffin v. Carnes*, 72 F.4th 16, 21 (2d Cir. 2023) ("The district court correctly concluded that [the plaintiff] was barred by the [Prison Litigation Reform Act's] three strikes provision from proceeding [*in forma pauperis*], and, therefore, properly dismissed his complaint.").[1] A district court need not hold an incarcerated plaintiff's lawsuit "in abeyance until he is able to pay the filing fees," so long as the dismissal is "without prejudice." *Akassy v. Hardy*, 887 F.3d 91, 98 (2d Cir. 2018) (holding that "the district court plainly ha[d] the authority to dismiss an action filed in contravention" of 28 U.S.C. § 1915(g) and did not "abuse [its] discretion" by dismissing plaintiff's case without prejudice).

Plaintiff falls within this prohibition because at least three of the cases that he filed in the Western District on an *in forma pauperis* basis were dismissed *sua sponte* for failure to state a

---

[1]    Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

2

claim before Plaintiff commenced the instant case in this District.  *See, e.g., Lettieri v. W. Dist. of New York*, No. 23-cv-770 (W.D.N.Y. Sept. 11, 2023) (ECF No. 7) (granting plaintiff's motion to proceed *in forma pauperis* in case based on alleged failure by clerk's office employees to mail case filings and dismissing complaint pursuant to "28 U.S.C. §§ 1915(e)(2)(B) and 1915A on the basis of immunity"); *Lettieri v. United States Dep't of Just.*, No. 23-cv-866 (W.D.N.Y. Sept. 19, 2023) (ECF No. 3) (granting plaintiff *in forma pauperis* status but dismissing complaint against Assistant U.S. Attorney based on alleged violations of Federal Rules of Evidence at criminal trial pursuant to "28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)"); *Lettieri v. Vilardo*, No. 23-cv-6498 (W.D.N.Y. Sept. 21, 2023) (ECF No. 3) (granting plaintiff *in forma pauperis* status but dismissing complaint against judge who presided over plaintiff's criminal trial because judge was immune from civil suit based on his decisions in the case).  Neither Plaintiff's complaint nor his application for *in forma pauperis* status make any attempt to allege that he is in imminent danger of serious physical injury that would override the prohibition in 28 U.S.C. § 1915(g).

Dismissing Plaintiff's claims pursuant to the three-strikes rule in 28 U.S.C. § 1915(g) is procedurally proper even though Plaintiff's *in forma pauperis* application is incomplete.  The *in forma pauperis* statute only exempts incarcerated plaintiffs from prepaying the fee to commence a case and authorizes courts to collect the fee over time from a plaintiff's prison account even if a court grants *in forma pauperis* status.  *See* 28 U.S.C. § 1915(b).  To facilitate this collection process, the Second Circuit has required incarcerated plaintiffs seeking *in forma pauperis* status to file a signed form authorizing such collection "before making any assessment of whether an appeal should be dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)."  *Leonard v. Lacy*, 88 F.3d 181, 182 (2d Cir. 1996).  Plaintiff has not provided the form authorizing the Court

to collect money from his prisoner account.  However, even though Plaintiff's failure to provide the authorization form arguably precludes the Court from screening the merits of his claims, pursuant to 28 U.S.C. § 1915(e), it does not preclude the Court from dismissing Plaintiff's claims without prejudice pursuant to 28 U.S.C. § 1915(g).  Such a dismissal denies Plaintiff *in forma pauperis* status without assessing the merits of his claims, requires him to pay the filing fee upfront, and does not trigger the process by which the Court may collect the filing fee in installments from Plaintiff's prison account.  *See Meyers v. Birdsong*, 83 F.4th 1157, 1161 (9th Cir. 2023) (holding that "§ 1915(b) neither permits nor requires the collection of fees" from a prisoner who seeks *in forma pauperis* status but whose request is denied pursuant to 28 U.S.C. § 1915(g)); *Smith v. Dist. of Columbia*, 182 F.3d 25, 29–30 (D.C. Cir. 1999) (holding that prisoner whose request for *in forma pauperis* status was denied pursuant to 28 U.S.C. § 1915(g) was not required to pay filing fee out of prison account).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's application to proceed *in forma pauperis* is denied, and this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).  The Clerk of Court is respectfully directed to close this case, to mail a copy of this Order to Plaintiff at his current address in Ohio, and to note the mailing on the docket.  The Clerk of Court is further directed to mail a copy of this order to the Clerk of Court for the Western District of New York.

If Plaintiff wishes to reassert his claims, he must file a new action and pay the $405.00 filing fee.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
July 8, 2024

5